## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lucas Ltd., Inc., | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| Rick Lucas Plumbing & Remodeling LLC, | : | No. _____ |
| *Defendant* | : | |

## COMPLAINT

Lucas Ltd., Inc., a Pennsylvania corporation, by way of complaint against Rick Lucas Plumbing & Remodeling LLC, a Pennsylvania limited liability company, alleges as follows:

### Nature of the Action

1. Lucas Ltd. brings this civil action for injunctive relief and damages under 15 U.S.C. §§ 1116 and 1117 for Defendant's infringement of the LUCAS LTD trademark in violation of 15 U.S.C. § 1125(a); false and deceptive advertising in violation of 15 U.S.C. §1125; unfair competition and false designation of origin in violation of 15 U.S.C. § 1125; trademark infringement in violation of 54 Pa. C.S. § 1123 (a); and deceptive or misleading advertising and practices in violation of 73 P.S. § 201-3.

### Jurisdiction

2. Subject matter jurisdiction over this action is proper in this Court under 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338, and over the related state claims under 15 U.S.C. § 1367 (a).

### Venue

3. Venue is proper in this district under 28 U.S.C. §1391 for the reasons set forth below.

## The Parties

4. Plaintiff Lucas Ltd., Inc. ("Lucas Ltd." or "Plaintiff") has a place of business at 250 South Lincoln Avenue, Newtown, PA 18940.

5. On information and belief, defendant Rick Lucas Plumbing & Remodeling LLC ("Lucas LLC" or "Defendant") has a place of business at 1317 Buck Road, Feasterville, PA 19053.

## Statement of Facts Common to All Counts

6. Lucas Ltd. is a family-owned and family-operated business in the local plumbing and remodeling market serving Bucks County, Montgomery County, and parts of New Jersey.

7. Lucas Ltd. was established in 1978 by Joseph Lucas, a Master Plumber, who has successfully grown the business with the business strategy of doing the job right for every customer.

8. For more than 45 years, Lucas Ltd. has used the mark LUCAS LTD as its brand and its service mark, and LUCAS LTD has gained substantial fame, goodwill, and value in the market. Lucas Ltd.'s use of LUCAS LTD includes use in interstate commerce.

9. Due to its many years of use with plumbing services and remodeling services, the LUCAS LTD mark has acquired distinctiveness.

10. In 2021, Lucas Ltd. registered LUCAS LTD as a trademark with the Pennsylvania Department of State, PA Reg. No. 0007434723. See attached Exhibit 1.

11. The owner of Defendant Lucas LLC, Rick Lucas, is a son of the owner of Lucas Ltd., and he learned the trade while working for Lucas Ltd.

12. In 2018, Rick Lucas left Lucas Ltd. and started Lucas LLC.

13. Lucas LLC is located just seven miles from Lucas Ltd. in the southeastern corner of Bucks County, Pennsylvania.

14. Lucas LLC uses the mark LUCAS in all of its advertising venues, including on its website ricklucasplumbing.com, on Facebook, on Instagram, on Yelp, on plumberloc.com, on nextdoor.com, and on its trucks and staff apparel. Exhibit 2.

15. There have been at least several instances of actual confusion due to Lucas LLC's infringement of Lucas Ltd.'s LUCAS LTD mark. This actual confusion is ongoing and likely to continue unless Lucas LLC ceases its infringement.

## Count I.
## Common Law Trademark Infringement and Unfair Competition under the Lanham Act

16. The allegations of the preceding paragraphs 1-15 are repeated and incorporated herein by reference.

17. Defendant is intentionally and prominently using the mark LUCAS in various advertising and marketing channels, in connection with its competing plumbing and remodeling business, in a manner that is likely to cause confusion in, or to cause mistake, or deceive consumers as to the source, sponsorship or affiliation of Defendant's services.

18. Defendant's acts, including its use of the mark LUCAS in connection with its competing plumbing and remodeling business, constitute common law trademark infringement of Lucas Ltd.'s mark LUCAS LTD and common law unfair competition.

19. Defendant's infringement of the mark LUCAS LTD is being done with the intent, purpose and effect of procuring an unfair competitive advantage over Lucas Ltd. by misappropriating the valuable goodwill developed over 45 years by Lucas Ltd. in its mark LUCAS LTD.

20. Upon information and belief, Defendant has gained profits by virtue of its infringing actions.

21.     Lucas Ltd. has sustained damages as a result of Defendant's violations of the Lanham Act, including the erosion of its market share, and the loss of goodwill.

22.     Unless Defendant is enjoined, it will continue to promote its services in direct competition to Lucas Ltd. by unlawfully using the mark LUCAS.

23.     Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of equities, and is in the public interest.

24.     Pursuant to 15 U.S.C. § 1117, Lucas Ltd. is entitled to an order requiring Defendant to account for any and all profits and other ill-gotten gains Defendant derived from its use of the LUCAS mark, and to an order awarding all damages sustained by Lucas Ltd. by reason of Defendant's conduct.

25.     Defendant's actions have been willful, malicious, and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

26.     Pursuant to 15 U.S.C. § 1117, Lucas Ltd. is entitled to recover multiplied or enhanced damages.

27.     This is an "exceptional case" under 15 U.S.C. § 1117, and therefore Lucas Ltd. is entitled to an award of attorneys' fees and costs.

### Count II.
### False and Deceptive Advertising Under the Lanham Act

28.     The allegations of paragraphs 1-27 are repeated and incorporated herein by reference.

29.     Defendant's acts, including the use of the mark LUCAS in its business entity name, constitute false advertising under Section 43(a)(1)(B) of the Lanham Act. 15 U.S.C. § 1125(a)(1)(B).

30. Defendant, in commercial advertising or promotion, has misrepresented the nature, characteristics, or qualities of Defendant's services.

31. Defendant's use of the mark LUCAS falsely suggests that Defendant's services identified therein have the same quality as Lucas Ltd.'s services.

32. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's services are equivalent to Lucas Ltd.'s services.

33. The foregoing acts of Defendant have influenced and are likely to continue to influence the purchasing decision of consumers for Lucas Ltd.'s and Lucas LLC's competing services in the local plumbing and remodeling market.

34. On information and belief, Defendant has made the aforementioned misrepresentations without a basis in fact.

35. Defendant's acts are being committed with the intent, purpose, and effect of procuring an unfair competitive advantage by appropriating the goodwill of Lucas Ltd. and by misrepresenting the quality of Defendant's services.

36. As a result of Defendant's conduct, Lucas Ltd. has been irreparably harmed and is facing further imminent irreparable harm for which there is no adequate remedy at law.

37. Lucas Ltd. will continue to suffer irreparable harm unless Defendant is temporarily, preliminarily, and permanently restrained from continuing to use the mark LUCAS.

38. Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of equities, and is in the public interest.

39. Pursuant to 15 U.S.C. § 1117, Lucas Ltd. is entitled to an order requiring Defendant to account for any and all profits and other ill-gotten gains Defendant derived from its use of the

LUCAS mark, and to an order awarding all damages sustained by Lucas Ltd. by reason of Defendant's conduct.

40. Defendant's actions have been willful, malicious, and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

41. Pursuant to 15 U.S.C. § 1117, Lucas Ltd. is entitled to recover multiplied or enhanced damages.

42. This is an "exceptional case" under 15 U.S.C. § 1117, and therefore Lucas Ltd. is entitled to an award of attorneys' fees and costs.

## Count III.
## Trademark Infringement - 54 Pa. C.S. § 1123 (a)

43. The allegations of paragraphs 1-42 are repeated and incorporated herein by reference.

44. Defendant's conduct constitutes trademark infringement under Pennsylvania law. *See* 54 Pa. C.S. § 1123.

45. Defendant, without the consent of Lucas Ltd., used the mark LUCAS which was and is an infringement of the mark LUCAS LTD, registered pursuant to 54 Pa. C.S. §§ 1102-1114, in connection with its competing plumbing and remodeling business in a manner likely to cause confusion or mistake or to deceive as the source of origin of the services.

46. Unless Defendant is enjoined, Defendant will continue to promote its products and services by unlawfully using the mark LUCAS, and/or other marks that are confusingly similar thereto in the United States and in this jurisdiction.

47. Lucas Ltd. will continue to suffer irreparable harm unless Defendant is temporarily, preliminarily, and permanently restrained from continuing to use the mark LUCAS, and/or other marks that are confusingly similar thereto.

Case 2:24-cv-01458-JMY   Document 1   Filed 04/08/24   Page 7 of 10

48. Issuance of injunctive relief, pursuant to 54 Pa. C.S. § 1125 is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

49. Pursuant to 54 Pa. C.S. § 1125, Lucas Ltd. is entitled to an order requiring Defendant to account for any and all profits and other ill-gotten gains Defendant derived from its use of the LUCAS mark, and to an order awarding all damages sustained by Lucas Ltd. by reason of Defendant's conduct.

## Count IV.
## Unfair Competition / Unfair or Deceptive Trade Practices – 73 P.S. § 201-3

50. The allegations of paragraphs 1-49 are repeated and incorporated herein by reference.

51. The Unfair Trade Practices and Consumer Protection Law ("UTPCPL") prohibits unfair methods of competition and unfair or deceptive acts or practices. *See* 73 P.S. § 201-3.

52. Specifically, the following have been deemed unlawful in Pennsylvania:

(i) Passing off goods or services as those of another;

(ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another; …

(v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have; …

(vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; …

7

(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

*See* 73 P.S. § 201-2.

53. The UTPCPL regulates an array of practices which might be analogized to passing off, misappropriation, trademark infringement, disparagement, false advertising, fraud, breach of contract, and breach of warranty. *Belmont v. MB Inv. Partners, Inc.*, C.A.3 (Pa.) 2013, 708 F.3d 470.

54. The UTPCPL provides a private remedy for all violations of the UTPCPL that might otherwise escape remedy because they do not affect the public interest and therefore would not be subject to enforcement by the Attorney General. *In re Smith*, 866 F.2d 576, 583 (3d Cir. 1989).

55. By Defendant's conduct detailed herein, it has been using the mark LUCAS LTD, to leverage the goodwill built by Lucas Ltd. over 45 years, causing a likelihood of confusion or misunderstanding among consumers seeking plumbing and remodeling services, falsely suggesting an affiliation to or sponsorship by Lucas Ltd., and misrepresenting the quality of Defendant's services by suggesting that it is equal to that of Lucas Ltd.

56. Accordingly, and as detailed more fully herein, Defendant has engaged in unfair competition and deceptive acts or practices in trade.

57. Such conduct has caused and continues to cause harm to Lucas Ltd. as detailed herein.

58. As detailed herein, Defendant's conduct was intentional, knowing, and purposeful.

59. Pursuant to the UTPCPL, Lucas Ltd. is entitled to injunctive relief.

60. Pursuant to the UTPCPL, Lucas Ltd. is entitled to recover treble damages as well as its attorney's fees as a result of Defendant's conduct.

## Prayer for Relief

**WHEREFORE**, Lucas Ltd. prays for:

a. an award of damages for infringement of the mark LUCAS LTD including Defendant's profits, and that such award be trebled due to Defendant's willful and deliberate conduct;

b. an injunction permanently enjoining Defendant from using the mark LUCAS, or any other confusingly similar marks, in any manner in conjunction with plumbing or remodeling services or products;

c. an award of costs and disbursements;

d. an award of attorneys' fees;

e. punitive damages due to the willful, wanton, and malicious conduct of Defendant;

f. an award of statutory damages; and,

g. such other and further relief as the Court may deem just and proper.

## JURY TRIAL

Lucas Ltd requests a trial by jury pursuant to Fed. R. Civ. P. 38(b) on all issues triable of right by a jury.

Respectfully submitted,

Ryder, Mazzeo & Konieczny LLC

Dated: April 8, 2024

By: /FrankAMazzeo/
Frank A. Mazzeo
808 Bethlehem Pike, Suite 200
Colmar, PA 18915

215-997-0248 (tel.)
215-997-0266 (fax)
fmazzeo@rmkiplaw.com

*Attorneys for Plaintiff*