IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUCAS LTD., INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 2:24-cv-01458-JMY |
| RICK LUCAS PLUMBING & REMODELING LLC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

J. Younge                                                                                                                   August 23, 2024

## I.    INTRODUCTION

Currently before this Court is Plaintiff's Motion to Dismiss the Defendant's Counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (ECF No. 11)[1] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, said Motion is **GRANTED** and the Counterclaim will be dismissed **WITHOUT PREJUDICE**, and with leave to amend.

## II.    FACTUAL BACKGROUND

This case stems from a dispute between a father and son who both operate separate plumbing related businesses. The Plaintiff Lucas Ltd., Inc. was established in 1978 by Joseph Lucas and serves as a local plumbing and remodeling market for Bucks County and Montgomery County Pennsylvania along with other parts of New Jersey. (Compl. ¶ 6, ECF No. 1). The Plaintiff has used the mark "LUCAS LTD." for more than 45 years in interstate commerce and

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

claims that his work with customers has helped establish the business's credibility and distinctiveness in the market. (Compl. ¶ 7-9). In 2021, the Plaintiff registered "LUCAS LTD." with the Pennsylvania Department of State as a trademark. (Compl. ¶ 10). On November 3, 2023, the Plaintiff sent the Defendant a Cease-and-Desist Letter to Rick Lucas, asserting his alleged rights in the mark LUCAS. (Ans. ¶ 14-15). As such, the Plaintiff then brought this suit against the Defendant.

On April 8, 2024, the Plaintiff filed a complaint against Defendant/Counterclaimant Rick Lucas Plumbing & Remodeling LLC concerning a trademark infringement issue. The Plaintiff's son, Rick Lucas, started his business after he left his father's business, Lucas Ltd in 2018. (Compl. ¶ 12). The Defendant is located seven miles from the Plaintiff. (Compl. ¶ 13). The Plaintiff alleges that Defendant's use of the word "Lucas" in "RICK LUCAS PLUMBING & REMODELING LLC." has caused several instances of confusion among consumers due to the mark being used for advertisement through Instagram, Facebook, Yelp, nextdoor.com, plumberloc.com along with the mark being placed on trucks and staff apparel. (Compl. ¶ 14-15). Additionally, the Plaintiff has asserted that the Defendant is intentionally using the goodwill of Lucas Ltd. and further suggests a false affiliation with them in hopes of bolstering Rick Lucas Plumbing & Remodeling LLC. (Compl. ¶ 35).

On May 13, 2024, the Defendant answered the Plaintiff's complaint and also filed counterclaims against Lucas Ltd. alleging unfair competition, tortious interference with contracts and commercial disparagement. Specifically, the Defendant alleges that Plaintiff has misled the public by contending that their services and products are better than Defendant's, resulting in their current and prospective contracts with third parties being affected. (Countr. ¶ 21, 28, 31, ECF No. 5). The Defendant also states that the Plaintiff knew about the services offered by Rick

Lucas Plumbing & Remodeling LLC. since 2018 but did nothing about it until now. (Ans.¶ 10, ECF. No. 5).  On June 3, 2024, the Plaintiff filed a Motion to Dismiss Defendant's Counterclaims for failure to state a claim, (ECF. No. 11), and on June 17, 2024, the Defendant submitted a response in opposition to Plaintiff's Motion to Dismiss. (ECF. No. 12).

### III. LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a Defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Thus, this Court must examine Defendant's counterclaims to determine whether it can infer that the Plaintiff is liable for the alleged misconduct.

### IV. DISCUSSION

#### A. Motion to Dismiss Tortious Interference with Contracts Counterclaim

Defendant's counterclaims fail to specifically plead the elements needed to establish the counterclaims of unfair competition, tortious interference with existing and prospective

contracts, and commercial disparagement. Defendant further fails to provide any factual support for the counterclaims alleged.

To sufficiently establish a tortious interference with contracts claim, a Plaintiff must allege four elements: "(1) that a contractual relationship existed between the Plaintiff and another party; (2) that the Defendant intended to harm that contractual relationship by purposefully interfering with it; (3) that the Defendant lacked privilege or justification for its conduct; and (4) that the Plaintiff suffered actual damages as a result of the Defendant's conduct." *Acclaim Systems, Inc., v. Infosys, LTD,* No. 13-7336, 2015 U.S. Dist. LEXIS 90937, *7 (E.D. Pa. July 14, 2015). In its Counterclaim for tortious interference with contracts, Rick Lucas Plumbing & Remodeling LLC, has only alleged a recitation of the elements:

> 28. Defendant has valid actual and prospective contractual relations between Defendant and third parties, who are Defendant's clients and prospective clients.
>
> 29. Plaintiff knew of the existence of these contracts and prospective contracts.
>
> 30. Plaintiff filed this meritless lawsuit to force Defendant out of business and to interfere with Defendant's contracts.
>
> 32. Plaintiff's purposeful, intentional, and improper actions, specifically intended to harm the existing contractual relations of Defendant and/or to prevent prospective contractual relations from occurring.
>
> 35. Plaintiff has no authorization, justification, or privilege for his purposeful actions.
>
> 36. Defendant sustained actual damages and monetary losses as a result of Plaintiff's conduct…
>
> (Defendant's Answer to Complaint ("Answer"), ¶¶ 28 – 36, ECF No. 11).

These allegations lack the pleading specificity required to survive a motion to dismiss, and instead consist of mere conclusory statements related to their allegations. There is no semblance of any details that provide facts for the claim of tortious interference. In order to satisfy the intent requirement for this claim, the Defendant was required to allege facts that demonstrate that the Plaintiff, Lucas Ltd., intended to harm the alleged contracts. This has not been shown here.

Defendant further fails to provide any documentation, or that identify existing or prospective contractual relationships with which interference occurred. The Defendant has also omitted any documentation for the element of legal damages. At this stage, the Defendant has not sufficiently plead a claim for tortious interference with contracts, that would survive a motion to dismiss.

### B. Motion to Dismiss the Commercial Disparagement Counterclaim

Defendant's counterclaims fail to identify acts of commercial disparagement committed by the Plaintiff and does not sufficiently plead the potential damages suffered. A claim for commercial disparagement requires a Plaintiff to prove all of the following: "(1) the statement is false; (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; (3) pecuniary loss does result; and (4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity (actual malice)." *Mallory v. S & S Publrs*., 168 F. Supp. 3d 760, 774 (E.D. Pa. 2016). The Eastern District has previously held that it is not enough to simply generalize that a financial loss occurred, rather the claimant must "specify what, if any, pecuniary loss resulted…" *Id*. at 775.

Here, the above analysis can also be used to explain dismissal of the commercial disparagement counterclaim. The lack of specificity regarding the third element of pecuniary loss clearly demonstrates why this claim requires amendment.  The Counterclaimant in this case,

Rick Lucas Plumbing & Remodeling LLC has simply stated that "Plaintiff's unlawful conduct caused significant monetary damages to Defendant in the amount to be ascertained, but in excess of $250,000.00." ("Answer", ¶ 47, ECF No. 11). This "unascertained" amount is deficient in identifying the pecuniary loss incurred for this claim. The failure to sufficiently plead all the facts necessary for each element for the claim of commercial disparagement is grounds for dismissal.

### C. Motion to Dismiss the Unfair Competition Counterclaim

Defendant's unfair competition counterclaim against the Plaintiff is similarly insufficient and the analysis used previously for Defendant's tortious interference with contracts claim may be applied here. The Defendant alleges a claim under Unfair Trade Practices and Consumer Protection Law specifically focusing on §201-2(4)(viii) and §201-2(4)(xxi), which state that "[d]isparaging the goods, services or business of another by false or misleading representation of fact" and "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" are unfair methods of competition. The Counterclaimant does not assert any specific facts regarding what actions the Plaintiff specifically "engaged in" that constituted deceptive conduct. Simply stating that the Plaintiff "misled the public and this Court in asserting that Plaintiff's services are of a higher quality than the Defendant's…" is not enough for this claim to survive a Motion to Dismiss. ("Answer", ¶ 23, ECF No. 11). As such, based on the previous analysis, the Motion to Dismiss this Counterclaim should be granted.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss is Granted, without prejudice. Defendant shall be afforded the opportunity to file an Amended Counterclaim within twenty (20) days.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**